SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF
-----------------------------------------------------------------x
Menuchem Ezagui
Plaintiff/Petitioner,

- against -

The City of New York, PD
Mc Cann, Shield #14257, PO John Doe
Defendant/Respondent.
-----------------------------------------------------------------x

Index No. 520726/2020

### NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

You have received this Notice because:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 10-26-20

David Zelman
Name

Law Office of David Zelman
Firm Name

709 Easter Pkwy #213
Brklyn ny
Address

318 604 3072
Phone

dzelman @
civilrightslaw.com
E-Mail

To: The City of New York
PO McCann
John Doe

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

-------------------------------------------------------------X

MENACHEM EZAGUI

                         Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
McCANN, Shield # 14257, POLICE OFFICER JOHN
DOE,

                                  **SUMMONS**

                      Defendants.

-------------------------------------------------------------X

Index No.:

Date Purchased:

Plaintiff designates
KINGS County as the
place of trial.

The basis of venue is
the residence of the plaintiff,
MENACHEM EZAGUI,
706 Eastern Parkway
Brooklyn, NY 11213

Date Filed:_____

To the above-named Defendant(s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:      Brooklyn, New York
                 October 25, 2020

                                         Yours etc.,

                                         _____
                                         DAVID A. ZELMAN, ESQ.
                                         709 Eastern Parkway
                                         Brooklyn, New York 11213
                                         (718) 604-3072

Defendants' addresses:

THE CITY OF NEW YORK
100 Church Street
Brooklyn, NY 10007

POLICE OFFICER McCANN, Shield # 14257, and
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,
all residing at:
60th Precinct
2951 West 8th Street
Brooklyn, NY, 11224-3615

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MENACHEM EZAGUI,

                                              Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
McCANN, Shield # 14257, POLICE OFFICER JOHN
DOE,

                                              Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

PLAINTIFFS DEMAND
TRIAL BY JURY

Plaintiff MENACHEM EZAGUI, for his complaint, by his attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff MENACHEM EZAGUI seeks damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. It is alleged that Defendants assaulted plaintiff and used excessive force. As a result, Plaintiffs suffered physical, psychological and economic damages.

## II. PARTIES

2. Plaintiff MENACHEM EZAGUI at all times relevant hereto resided in Brooklyn, New York.

3. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

4. Defendant POLICE OFFICER McCANN, Shield #14257 (hereinafter "McCANN") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. Defendant McCANN is sued in his official and individual capacity.

5. Defendant POLICE JOHN DOE (hereinafter "DOE") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. Defendant DOE is sued in his official and individual capacity.

6. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## III. FACTS

7. On or about May 30, 2020, at approximately 10:35 p.m. Plaintiff EZAGUI was present in front of 2273 Church Avenue, Brooklyn New York observing a protest which was occurring at the time. Plaintiff was not a protestor but was lawfully present observing the street encounter between police and protestors.

8. At one point during the evening, police officers with shields, including the defendants herein, charged the crowd. EZAGUI was standing near a gate when several police officers passed him.

9. Officer JOHN DOE purposely charged and assaulted EZAGUI causing him to fall without provocation or reason. Defendant McCANN was standing close to defendant JOHN DOE when the assault took place.

10. Officer JOHN DOE and defendant McCANN left EZAGUI's presence and plaintiff was eventually taken by ambulance to a hospital. EZAGUI was never cuffed or charged with a crime.

11. EZAGUI was seriously injured requiring multiple surgeries and a long recuperation period with permanent/life altering injuries.

12. That heretofore and on the 19th day of June, 2020, Plaintiffs' Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth Plaintiffs' names, the nature of the claim, the time and place of the incident, the manner in which the claim arose and the items of damage and injuries sustained.

13. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### I. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

14. Paragraphs 1 through 13 are hereby realleged and incorporated by reference herein.

15. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

16. That Defendants had no legal cause or reason to use excessive force.

17. That Defendants violated EZAGUI's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures when they used excessive force against them.

18. That at the time of the seizure, EZAGUI did not pose a threat to the safety of the officers.

19. That EZAGUI was not actively resisting arrest or attempting to evade arrest.

20. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected EZAGUI to excessive force.

21. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

22. That by reason of Defendants' acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of EZAGUI's rights, subjected EZAGUI to excessive force, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

23. That upon information and belief, in 2020, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests. Plaintiff specifically alleges causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

24. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of EZAGUI's rights alleged herein.

27. By reason of the foregoing, EZAGUI suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, and other psychological injuries. All of said injuries may be permanent

## II. SECOND CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29. That Defendant McCANN failed to intervene when Defendant knew or should have known that Plaintiffs' constitutional rights were being violated.

30. That Defendant McCANN had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

31. That a reasonable person in Defendant McCANN's position would know that Plaintiffs' constitutional rights were being violated.

32. That by reason of Defendants' acts and omissions, Defendant McCANN, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiff of his right to be free of excessive force when he failed to intervene to protect him from Defendants' violation of Plaintiffs' civil rights pursuant to the Fourteenth Amendment of the United States Constitution.

33. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from constitutional violations by police officers. Thus, as a result of the above described policies and customs, Plaintiffs were not protected from

Defendants' unconstitutional actions. Plaintiffs specifically allege causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

34. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

35. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

36. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiffs' rights alleged herein.

37. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

38. That by reason of the foregoing, Plaintiffs suffered psychological injuries, traumatic stress, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### III. THIRD CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. That Defendants intended to cause harmful bodily contact to EZAGUI.

41. That Defendants, in a hostile manner, voluntarily caused EZAGUI's injuries.

42. That Defendants' contact with EZAGUI constituted a battery in violation of the laws of the State of New York.

43. That by reason of the foregoing, EZAGUI suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, and other psychological injuries. All of said injuries may be permanent.

### IV. FOURTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

46. That at all times Defendants were acting within the scope of their employment.

47. That Defendant CITY was able to exercise control over Defendants activities.

48. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiffs suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, physical and emotional injury, physical and emotional pain, suffering, inconvenience, injury to their reputations, loss of enjoyment of life and other pecuniary and non-pecuniary losses. Plaintiff has further experienced severe emotional distress and loss of love, services, consortium, affection, society and companionship.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from May 30, 2020 and

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
October 25, 2020

_____
DAVID A. ZELMAN, ESQ.
709 Eastern Parkway
Brooklyn, New York 11213
(718) 604-3072

## ATTORNEY VERIFICATION

David A. Zelman, Esq., an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action. That he has read the foregoing Verified Complaint and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) is presently in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED:     Brooklyn, New York
           OCT. 25, 2020

_____
David A. Zelman, Esq.